UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RANDY J. YOUNG,

       Petitioner,

v.                                    Case No.  5:13cv265/WS/CJK

JULIE L. JONES,[1]

       Respondent.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

Before the court is a counseled petition for writ of habeas corpus filed under 28 U.S.C. § 2254, and supporting memorandum.  (Doc. 1 and Attach.).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 9).  Petitioner declined to reply.  (Doc. 12 ("Petitioner is opting not to file a Reply and will rely on the argument(s) presented in his original Petition and Memo of Law.")).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The

---

[1]Julie L.  Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed. R. Civ. P. 25(d).

undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On November 7, 2006, petitioner was charged by second amended information filed in Washington County Circuit Court Case Number 06-CF-165, with trafficking in methamphetamine (Count I), possession of a listed chemical (Count II) and possession of drug paraphernalia (Count III). (Doc. 9, Ex. B).[2] Prior to trial, petitioner filed a motion to suppress evidence seized during the warranted search of a motor home. Petitioner challenged the sufficiency of the affidavit underlying the search warrant. (Ex. C). The motion was denied after a hearing. (Exs. D, E). Petitioner went to trial and was found guilty by jury verdict of all counts as charged. (Ex. G). At sentencing, the trial court granted a judgment of acquittal as to Count II (possession of a listed chemical); adjudicated petitioner guilty of Counts I and III, sentenced petitioner on Count I (the trafficking offense) to 20 years imprisonment with a 7-year mandatory minimum followed by 10 years on probation; sentenced petitioner on Count III (the drug paraphernalia offense) to 203 days imprisonment in the county jail; and allowed petitioner 203 days of jail credit on each sentence. (Exs. H1, H2). The trial court did not direct that the sentences run consecutively (*id.*); thus, by operation of law petitioner's sentences ran concurrently. *See* Fla. Stat. § 921.16(1) ("A defendant convicted of two or more offenses charged in the same . . . information . . . shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively."). Judgment and sentenced was rendered June 10, 2008. (Ex. H2). Petitioner's judgment was affirmed on direct

---

[2]All references to exhibits are to those provided at Doc. 9, unless otherwise noted.

appeal, per curiam and without a written opinion, on December 15, 2009. *Young v. State*, 23 So. 3d 717 (Fla. 1st DCA 2009) (Table) (copy at Ex. L).

On March 4, 2011, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 (Ex. M), which he later amended (Ex. N). The state circuit court summarily denied relief. (Ex. Q). The Florida First District Court of Appeal per curiam affirmed on June 21, 2013, without a written opinion. *Young v. State*, 115 So. 3d 1008 (Fla. 1st DCA 2013) (Table) (copy at Ex. U). The mandate issued July 17, 2013.

Petitioner filed his counseled federal habeas petition in this court on July 29, 2013. (Doc. 1). The petition raises one claim: "The State of Florida Violated Petitioner's Fourth Amendment Right Against Unreasonable Searches and Seizure." (Doc. 1, p. 6). Respondent asserts this court lacks jurisdiction to consider any challenge to petitioner's conviction for possessing drug paraphernalia (Count III), because petitioner was not "in custody" under that conviction/sentence at the time he filed his federal habeas petition. (Doc. 9, p. 5). Respondent asserts petitioner's Fourth Amendment challenge to the trafficking in methamphetamine conviction (Count I) is not cognizable on federal habeas review pursuant to the *Stone v. Powell* doctrine. 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed. 2d 1067 (1976). (Doc. 9, pp. 5-8). Respondent is correct on both points.

## DISCUSSION

<u>This Court Lacks Subject Matter Jurisdiction To Review Petitioner's Conviction For Possession Of Drug Paraphernalia</u>

Habeas corpus relief is available only to those who are "in custody" in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). In *Maleng v. Cook*, 490 U.S. 488, 491-92, 109 S. Ct. 1923, 1925-26, 104 L. Ed. 2d 540 (1989), the Supreme Court held that once a sentence has fully expired, the petitioner is not "in

custody" for purposes of attacking that conviction in a habeas corpus proceeding. Although courts have traditionally interpreted the "in custody" requirement liberally to include situations where the sentence in question enhances or delays the commencement of another sentence, that circumstance does not exist here, because petitioner's sentence on the drug paraphernalia conviction was served concurrently with his trafficking sentence, and was fully served on the day it was imposed. The drug paraphernalia sentence had no effect on petitioner's present sentence for trafficking in methamphetamine. As it is evident from the record that petitioner was no longer "in custody" on the drug paraphernalia sentence when he filed this petition, the court is without jurisdiction to consider his challenge to that conviction and sentence. [3] *See, e.g., Sweet v. McNeil*, 345 F. App'x 480, 482 (11th Cir. 2009) (holding that district court lacked subject matter jurisdiction to consider ground two of petitioner's habeas petition, in which petitioner claimed counsel was ineffective for failing to assert a double jeopardy challenge to convictions of burglary with assault or battery and simple battery; petitioner was no longer "in custody" on the simple battery conviction when he filed his petition; petitioner's sentences on the two charges ran concurrently, and petitioner's shorter sentence on the battery charge expired prior

---

[3]This conclusion is not inconsistent with the Supreme Court's holding in *Garlotte v. Fordice*, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995). In *Garlotte*, the Supreme Court held that *consecutive* sentences are viewed in the aggregate for purposes of the "in custody" requirement, and that when a habeas petitioner serving consecutive sentences completes one, but not all, of his sentences, habeas jurisdiction exists to challenge the conviction for the expired sentence because invalidation of that conviction would advance the petitioner's release date. *Garlotte* does not apply to cases in which *concurrent* sentences are imposed. *See, e.g., Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009); *Sweet v. McNeil*, 345 F. App'x 480, 482 (11th Cir. 2009) ("*Garlotte*'s holding is applicable only to consecutive sentences, not to concurrent ones.").

to petitioner's filing his federal habeas petition).[4]  The court considers petitioner's habeas claim as directed solely to his trafficking in methamphetamine conviction.

<u>Petitioner's Fourth Amendment Claim Provides No Basis For Federal Habeas Relief</u>

Petitioner's sole claim is that his trafficking in methamphetamine conviction violates his Fourth Amendment right against unreasonable searches and seizures, because the search warrant authorizing the search of the motor home in which the State's evidence was found was based on a flawed affidavit that, when considered in its entirety, did not establish probable cause to search the motor home.  (Doc. 1, p. 6).  Petitioner's counseled supporting memorandum summarizes petitioner's claim as follows:

> In the case at bar, the Affidavit for Search Warrant does not establish probable cause for the search warrant under the totality of the circumstances because the hearsay on which it depends does not bear indicia of reliability as to the basis of the CI's knowledge as to drug matters.  Therefore, the lower tribunal's decision to deny Young's Motion to Suppress the evidence seized under the authority of the search warrant is in violation of the Fourth Amendment to the Constitution of the United States, and is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, as well as being an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

(Doc. 1, Attached Mem. pp. 9-10).

Petitioner raised this Fourth Amendment claim in state court by filing a motion to suppress.  (Ex. C).  A hearing was held where testimony was taken and arguments heard.  (Ex. D).  The state trial court denied petitioner's motion by written order,

---

[4]The undersigned cites *Sweet* only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

making the following explicit findings on matters essential to the Fourth Amendment issue:

> [T]he Court finds that the Affidavit in support of the Search Warrant establishes the reliability of the confidential informant to the point that the Investigator/Affiant was reasonable in relying upon his/her information.  Specifically the court finds as follows:
>
> 1.  Investigator Sewell indicated in his sworn affidavit that he personally knew the reliable confidential informant;
>
> 2.  Investigator Sewell indicated in his sworn affidavit that the reliable confidential informant had given him information about at least four criminal incidents within the past six months, albeit none of them involved illegal controlled substances;
>
> 3.  The reliable confidential informant told Investigator Sewell th[at] he/she knew what methamphetamine was and that he/she had seen methamphetamine inside of the motor home/camper;
>
> 4.  The reliable confidential informant described to Investigator Sewell items he/she had seen inside of the motor home/camper[,] items that Investigator Sewell knew were used in the manufacturing of methamphetamine; and
>
> 5.  The reliable confidential informant described to Investigator Sewell an odor consistent with that given off during the process of manufacturing methamphetamine.
>
> **THEREFORE**, the Court hereby finds that the Defendants' [sic] Motion to Suppress Evidence is **DENIED**.

(Ex. E).  Petitioner obtained review of the issue on direct appeal.  (Ex. J).  The state appellate court affirmed.  (Ex. L).

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure

was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed. 2d 1067 (1976) (footnotes omitted).  The *Stone* Court found that, in the habeas context, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force."  428 U.S. at 494-95, 96 S. Ct. at 3053 (footnote omitted).  "'For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.'"  *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000) (*quoting Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990), *in turn quoting Morgan v. Estelle*, 588 F.2d 934, 941 (5th Cir. 1979)).  Here, petitioner does not assert he was not given a full and fair hearing on the merits of his Fourth Amendment claim, nor can he.  The record in this case establishes that petitioner received full and fair consideration of his claim in the state courts.  Because petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the Florida courts, the claim affords no basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,

483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Randy Jay Young*, Washington County, Florida, Circuit Court Case Number 06-CF-165, be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of February, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).